IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ERIE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No. 3:19-cv-00375-TRM-HBG |
| ) | |
| CLAIRE RAUSER AND CAROL ) | |
| RAUSER, ) | |
| ) | |
| Defendants/Counter-Plaintiffs, ) | |
| ) | |
| and, ) | |
| ) | |
| CLAIRE RAUSER AND CAROL ) | |
| RAUSER, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| HITSON INSURANCE, INC., BRYAN ) | |
| INSURANCE GROUP, MATTHEW ) | |
| BRYAN, AND MICHELE SELF, ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Strike Mr. Blalock's Second Supplemental Report. [Doc. 83]. Defendants responded [Doc. 84] in opposition to the Motion, and Plaintiff filed a Reply [Doc. 85]. The Motion is ripe for adjudication. Accordingly, for the reasons explained below, the Court **DENIES** Plaintiff's Motion to Strike [**Doc. 83**].

## I. POSITIONS OF THE PARTIES

In its Motion [Doc. 83], Plaintiff states that Defendants disclosed Brent Blalock ("Blalock") as an expert in this case on October 26, 2020, "to analyze the as-built features and qualities of the Rausers' house at 5097 Allegheny Cove Way, Blount County, Tennessee" and "to generate a cost estimate to rebuild the house . . ." [Doc. 83-1 at 4]. Plaintiff states, however, that on November 23, 2020, Defendants produced two supplemental reports from Blalock. The instant Motion seeks to strike only Blalock's second supplemental report.

For grounds, Plaintiff argues that Blalock's second supplemental report (hereinafter, "Supplemental Report") [Doc. 83-2] sets forth a new opinion based upon a new investigation, and therefore, does not conform to the requirements of Federal Rule of Civil Procedure 26. Plaintiff argues that Rule 26(e) only permits supplemental reports for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report. Plaintiff submits that Blalock seeks to become an expert on certificates of occupancy, even going so far as to conduct an additional investigation by contacting the Blount County Building's Inspector's Office. Plaintiff states that the opinions in the Supplemental Report are not supplemental in nature and should have been disclosed on the deadline for expert disclosures. Plaintiff argues that Rule 37(c)(1) requires that Blalock's Supplemental Report be stricken.

Defendants respond that they served Blalock's expert report on October 26, 2020, which contained his opinions on the cost to rebuild their home. Defendants state that on the same date, Plaintiff produced the report of Bernd Heinze ("Heinze"), who opined that Defendants' residence was not complete in July 2018. Defendants argue that in response to Heinze's report, Blalock issued the Supplemental Report on November 23, 2020, rebutting Heinze's opinion. Specifically, Blalock opined that the house was complete in May 2018. Defendants argue that Blalock's

2

Supplemental Report is simply a rebuttal of Heinze's opinion in accordance with Rule 26(a)(2)(D)(ii).

Plaintiff replies [Doc. 85] that Blalock's Supplemental Report is improper. Plaintiff submits that in the Supplemental Report, Blalock does not just comment on Heinze's analysis, but instead, Blalock conducts his own investigation on the certificate of occupancy by calling the building inspector's office.

## II. ANALYSIS

The Court has considered the parties' positions as summarized above, and for the reasons explained below, the Court **DENIES** Plaintiff's Motion [**Doc. 83**].

Pursuant to Rule 26(a)(2)(D)(ii), expert rebuttal evidence is limited to "evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." "Rebuttal experts can properly "respond[ ] to the content of [the original] expert witness' report and opinions." *E.E.O.C. v. Tepro, Inc.,* 133 F. Supp. 3d 1034, 1047 (E.D. Tenn. 2015) (quoting *Express Energy Servs. Operating, L.P. v. Hall Drilling, LLC,* 2015 WL 3743795, at *3 (E.D. Ohio June 15, 2015)). Rebuttal expert reports, however, "cannot exceed the scope of simply responding" to the original expert's testimony and opinions. *Id.* (quoting *Express Energy Servs.*, 2015 WL 3743795, at 3).

In the present matter, the undersigned entered an Agreed Order to Extend Expert Disclosure Deadlines [Doc. 71], which extended the expert disclosures deadlines by fourteen (14) days. Expert disclosures were due on October 26, 2020, and rebuttal reports were due on November 23, 2020.[1] On October 26, 2020, Plaintiff disclosed Heinze, who opined that

---

[1] Plaintiff's Motion states that the deadline for expert rebuttal reports expired on November 9, 2020, but, as mentioned above, the Court extended the deadline for expert rebuttal reports pursuant to the parties' agreement.

construction on Defendants' residence was not complete. *See* [Doc. 84-1 at 4] ("[T]ext messages produced in discovery indicate that work on the home continued to January 2019."). On November 23, 2020, Defendants submitted Blalock's Supplemental Report. The Supplemental Report discuses Heinze's opinion, and Blalock concludes, in relevant part, as follows:

> In my professional opinion, based upon my knowledge, training and work experience in the construction industry, and project history I have developed through review of the records and communications with Mr. Rauser, this house had reached a state of completion that by May 24, 2018, the Blount County building official deemed the work had reached a state of completion such that a certificate of occupancy could issue and the house could be occupied. After that date, whatever further work was conducted pertained to correction of defective work, or if not, was so limited in scope that it could not reasonably be viewed as having prevented a trained inspector from readily deducing the nature, extent, and value of the as-built structure.

[Doc. 83-2 at 3-4].

The Court finds that the above opinion is a proper rebuttal of Heinze's opinion. *See Campos v. MTD Prod., Inc.,* No. 2:07-CV-00029, 2009 WL 2252257, at *9 (M.D. Tenn. July 24, 2009) (finding plaintiff's expert's report was a rebuttal report because "it squarely addresse[d] issues brought up in defendant's expert's reports"). Heinze opines that the house was not complete by a certain date, and Blalock opines that the house was complete by a certain date. Plaintiff argues that Blalock's report is not a proper rebuttal report because he conducted his own additional investigation on the subject of certificates of occupancy by calling the building inspector's office. The Court does not find Blalock's telephone call to the building inspector turns his rebuttal opinion into an untimely new opinion. The subject matter of Blalock's telephone call to the building inspector (i.e., whether the residence was complete) was addressed in Heinze's report. Heinze simply replies on communications for his opinion, and Blalock relies on the certificate of occupancy. "Rebuttal reports can use . . . additional data not found in the expert report, so long as

4

it relates to the same subject matter." *Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272, 274 (2011); *In re REMEC Inc. Sec. Litig.,* 702 F. Supp. 2d 1202, 1220 (S.D. Cal. 2010) (finding plaintiffs' expert witness was a proper rebuttal witness, despite expert conducting his own analysis, because the expert's analysis contradicted defendants' expert witness's opinion on the same subject matter). Accordingly, Plaintiff's request is not well taken.[2]

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Strike Mr. Blalock's Second Supplemental Report. [**Doc. 83**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[2] In their Response, Defendants argue that Heinze has no training or experience in construction, and therefore, is unqualified to render opinions on the nature of ongoing construction work. The Court declines to address this argument because it was presented in a footnote in Defendants' Response.