# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| ERIE INSURANCE COMPANY, )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>vs. )<br>)<br>CLAIRE RAUSER AND CAROL )<br>RAUSER, )<br>)<br>Defendant/Counter-Plaintiffs, )<br>)<br>)<br>AND )<br>)<br>CLAIRE RAUSER AND CAROL )<br>RAUSER, )<br>)<br>Third-Party Plaintiffs, )<br>)<br>vs. )<br>)<br>HITSON INSURANCE, INC., BRYAN )<br>INSURANCE GROUP, MATTHEW )<br>BRYAN, AND MICHELE SELF, )<br>)<br>Third-Party Defendants. ) | No.: 3:19-cv-00375-TRM-HBG |

## AGREED FINAL PRETRIAL ORDER

This Court conducted a Final Pretrial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on October 25, 2021. Ken Calderone, Morris Hadden and Caroline Williams appeared as counsel for Erie Insurance Company ("Erie"). David Draper and Jared Garceau appeared as counsel for the Claire and Carol Rauser ("the Rausers"). Robert Crawford, Jeffrey Hubbard, and Nathaniel Moore appeared as counsel for Hitson Insurance, Inc., Bryan

Insurance Group, Matthew Bryan, and Michele Self ("the Bryan defendants") The following action was taken:

**I.      Jurisdiction**

This is a declaratory judgment action brought by Erie arising from a contract of insurance. The Rausers have filed counterclaims and third-party claims arising from the contract. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1332(a)(1). The jurisdiction of the Court is not disputed.

**II.     Pleadings**

The pleadings are amended to conform to this pretrial order.

**III.    General Nature of the Claims of the Parties:**

   a.  **Claims:** The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

   i.   Erie's claims against Rausers: declaratory judgment action;

   ii.  Rausers' counterclaims against Erie: breach of contract; estoppel due to negligence; reformation of contract; bad faith (dismissed through summary judgment); punitive damages

   iii. Rausers' claims against Agent defendants: breach of contract to procure an appropriate insurance policy (dismissed through summary judgment); failure to procure (dismissed through summary judgment); negligence; negligent misrepresentation; tortious failure to procure (dismissed through summary judgment); and breach of fiduciary duty.

   b.  **Stipulated Facts[1]:**

---

[1] The parties have been unable to meet and confer regarding stipulated facts as of October 25, 2021. The parties will separately file a proposed statement of uncontroverted facts.

c. **Parties' Theories**

   i. **Erie's Theory:**

Erie contends that Rauser violated various provisions and conditions of the policy and, as a result, Erie is not required to pay for the loss, including Guaranteed Replacement Costs which provides and requires:

**Notification Of Improvements To Dwelling**
"**You**" must notify "**us**" or "**our**" Agent within 90 days of starting any improvements or additions which increase the "**replacement cost**" value of "**your**" Dwelling by $5,000 or more and pay any additional premium due. "**Your**" premium may be adjusted during the current policy period to reflect the additional amount of insurance. If "**you**" do not notify "**us**," "**we**" do not cover loss to such improvements or changes.
\*\*\*

Erie claims that Rauser breached and voided the policy by making material misrepresentations in the application for insurance and related dealings with the insurance agents prior to the issuance of the policy.

Erie claims that Rauser breached and voided the policy by making false statements and material misrepresentations after the loss in presenting the claim and in dealings with Erie including the Examination Under Oath.

Erie claims that Rauser has failed to comply with the conditions or requirements of the insurance policy, and that Erie's ability to investigate and respond to the claim has been materially hindered.

   ii. **Rausers' Theory:**

The Rausers contend that Erie breached its insurance contract with the Rausers by failing to pay the Rausers the Guaranteed Replacement Cost of their home which was completely destroyed by accidental fire. The Rausers deny having made any misrepresentations to Erie or its agent at any time, and deny the Policy imposed any

3

reporting obligation with regard to improvements to the Rauser home until it became a residence in July 2018.

The Rausers contend that any confusion surrounding their application and completed scope of their house project is the direct product of the Bryan agency's basic failure to understand the nature of the risk connected with a home under construction and how to insure it, together with Erie's and the Bryan agency's failure to exercise diligence during the application process and their failure to properly follow policy servicing procedures after the policy was issued by, among other things, failing to investigate the value of the home through a cost estimator or a third party inspection.

The Rausers also claim the Bryan agency misrepresented the coverage available under the policy as well as the procedures which would be followed to determine the estimated replacement cost of the Rauser home. They also claim Erie should be barred from denying liability arising from its own negligence and the negligence and misrepresentations of the Bryan agency. The Rausers also seek reformation of the policy consistent with their understanding it provided guaranteed replacement cost coverage and they seek punitive damages based on Erie's failure to provide guaranteed replacement cost coverage despite its failure to follow its own mandated procedures.

Finally, the Rausers contend the Bryan agency, through its agents, breached its fiduciary duty to the Rausers by failing to fulfill its responsibility and obligation to adequately insure the Rausers' property and exercise due care in determining the estimated replacement cost of the Rauser home and otherwise maintaining coverage.

iii. **Bryan's Theory:**

4

In its October 8, 2021 Order [Doc. 155], the Court ruled that the Rausers failed to rebut the presumption of acceptance of coverage set forth in Tenn. Code Ann.§ 56-7-135(b). That presumption applies to all claims "where the acceptance of coverage by the insureds under the contract is called into question," including negligence, negligent misrepresentation, or breach of fiduciary duty. Furthermore, the Rausers cannot prove that any act or omission of the Bryan defendants caused them any damages. If the Rausers do not receive guaranteed replacement costs for their, it will be because Mr. Rauser made a material misrepresentation or because the Rausers failed to comply with a policy term. Finally, the Bryan defendants contend that their conduct satisfied that applicable standard of care at all times.

    d. **All Other Parties' Claims:** *None.*

## IV. <u>Contested Issues of Law</u>

The contested issues of law are:

    a. **Contested Issues of Law Raised by Erie and the Bryan Agency**

The parties' summary-judgment briefing addressed numerous legal issues on which the court has already ruled. (Doc. 155). However, the court's ruling itself raises two other legal issues that may obviate the need for trial.

First, the agency parties are seeking summary judgment on the remaining claims against them. The court has ruled that "a rebuttable presumption exists that the Rausers accepted the coverage set forth in the Policy, and the Rausers have not identified any evidence suggesting that they did not in fact accept the coverage provided under the Policy." (Doc. 155, PageID #: 3084). Based on that unrebutted presumption, the court granted the agency parties summary judgment on the Rausers' breach-of-contract and failure-to-procure claims. (PageID ##: 2819–2823).

5

But the agency parties contend that the court's ruling on the unrebutted presumption under Tenn. Code Ann. §56-7-135(b) applies equally to all remaining claims and legal theories against the agency parties. (Doc. 177-1, PageID ##: 3088–90). If the presumption does indeed apply, then the agency parties may be entitled to summary judgment on all remaining claims.

Second, Erie has moved for leave to file a supplemental motion for summary judgment—again based on the court's prior ruling. The court held that the Rausers' insurance expert, Daryll Martin, isn't qualified to testify about insurance underwriting and claims handling. (Doc. 155, PageID #: 2834). This evidentiary ruling renders untenable the Rausers' remaining claims against Erie, all of which require expert testimony on issues beyond ordinary lay understanding. Since expert testimony is required on all remaining claims, and since Mr. Martin has been disqualified from giving such testimony, summary judgment in Erie's favor is warranted. Erie has explained this legal issue more fully in its motion for leave and proposed supplemental motion for summary judgment.

### b. **Contested Issues of Law Raised by Rausers**

The Rausers assert that the Notification of Improvements to Dwelling provision of the policy was inapplicable, as a matter of law, until the Rauser home became a residence. The policy language and the testimony of Erie's representatives support the Rausers' interpretation of this provision. At a minimum, the term "Dwelling" as used in the notice provision is ambiguous and, therefore, the Court must give effect to the Rausers' interpretation as a matter of law. Additionally, the Rausers contest the finding that the Rausers have not offered sufficient evidence to rebut the presumption under Tenn. Code Ann. §56-7-135. The Court has found that the "the terms of the Policy do not mention coverage for construction or builder's risk during construction of the home, aside from insuring against the loss of building equipment and construction materials." (Order,

6
Case 3:19-cv-00375-TRM-HBG   Document 192   Filed 10/25/21   Page 6 of 12   PageID #: 3285

Doc. 155 at p. 5). When this finding is coupled with the Court's finding that "Ms. Self recommended that Mr. Rauser obtain a builder's risk policy that would convert into a homeowner's insurance policy upon completion of construction," it is apparent that the coverage provided under the issued policy (i.e., no builder's risk coverage) could not have, and did not, comport with the coverage that Ms. Self recommended and represented that the policy provided (i.e., builders risk which converts to homeowners). (Id. at p. 2). At a minimum, there are disputes of fact which prevent operation of the statutory presumption where, according to the Court's factual findings, the agent did not even understand the coverage provided by the policy and, as a result, misrepresented the coverage terms to the Rausers.

    c. **Evidentiary Issues**

The outstanding evidentiary issues have been briefed in the parties' motions in limine. For the court's reference, those issues and motions are as follows:

    **i.    Erie's evidentiary issues:**

- Whether the Rausers' neighbor, David Connors, who is a real estate agent, may testify about his own dealings with a nonparty Erie agent, the Bolton agency, and whether Connors should be allowed to offer derogatory comments about Erie's counsel and his attempts to coordinate Connors' deposition. (Doc. 147);

- Whether the Rausers should be permitted to introduce post-loss internal Erie emails that discuss subsequent remedial measures taken by Erie, as well as Erie's future expectations of the Matthew Bryan Agency. (Doc. 148);

- Whether the Rausers should be permitted to introduce into evidence Erie's income, profits, and other financial information and documents. (Doc. 149). The court has now addressed

this issue in its recent trial order. (Doc. 179, PageID #: 3094–95, n. 1) (evidence of Erie's financial affairs inadmissible in first phase);

- Whether the Rausers should be permitted to introduce into evidence Erie's large-loss report and loss-reserve information. (Doc. 150);

- Whether Erie's internal and agency guidelines, policies, and procedures are admissible in evidence. (Doc. 151 and 140);

- Whether a revised entry in Erie's internal underwriting system is admissible. Erie contends that the entry was revised to remove an irrelevant subjective comment made by an underwriter. (Doc. 152). The court addressed this issue tangentially at Doc. 124;

- Whether the Rausers should be permitted to introduce evidence of Erie's subrogation action against the builders of the Rausers' house; (Doc. 153);

- Whether the Rausers should be permitted to introduce evidence that no theft-of-building-materials endorsement was included in the Erie policy. (Doc. 154);

**ii.     The Rausers' Evidentiary Issues:**

- Whether experts for Erie and the agency parties can testify only regarding opinions, exhibits, and facts found in the expert disclosures. (Doc. 142, PageID #: 2658);

- Whether Erie and the agency parties can introduce into evidence the Wall Street Journal article in which Mr. Rauser admitted that the size and value of his house were substantially greater than what he represented to Erie. (Doc. 143);

- Whether Erie and the agency parties can introduce evidence of the Rausers' net worth. (Doc. 144);

- Whether Erie and the agency parties can introduce evidence of the Rausers' business interests and intellectual-property holdings. (Doc. 145);

- Whether Erie and the agency parties can introduce evidence of the square footage of the Rausers' house and their prior insurance-agency dealings. (Doc. 146);

### iii. The Agency Parties' Evidentiary Issues

- Whether the Rausers should be able to introduce into evidence the resignation letters of former agency employees Michele Self and Caitlyn Cook. (Doc. 141);
- Whether Erie's internal and agency guidelines, policies, and procedures are admissible. (Doc. 151 and 140);

## V. Exhibits

The parties have disclosed all exhibits in accordance with Fed. R. Civ. P. 26(a)(3)(C). All exhibits to be introduced have been pre-marked in such a way as to allow the Court to determine which party is offering them. The parties have prepared a joint list of exhibits. The parties have endeavored to stipulate to the admissibility of all exhibits to the extent possible. The parties cannot stipulate to the admissibility of the following exhibits:

1. All highlighted exhibits on the exhibit list which are the subject of motions *in limine*.
2. Exhibits 116, 119, 120, 122, 123, 124, 125, 127

## VI. Witnesses

The parties have disclosed all witnessed in accordance with Fed. R. Civ. P. 26(a)(3)(A). A list comprised of the names of all witnesses, their addresses and telephone numbers is as follows (any party may call a witness identified on the list of any other party):

a. **For Erie:**

| Name | Address | Telephone No. |
|---|---|---|
| 1. Keith Doak | 608 Montpelier Ave., Erie, PA | |

9
Case 3:19-cv-00375-TRM-HBG   Document 192   Filed 10/25/21   Page 9 of 12   PageID #: 3288

2. Mark Trigilio         1380 West 32 St., Erie, PA

3. Sean Ragland          Knoxville

4. Nicole Shields        (via deposition)

5. Leanne Berndt         (via deposition)

6. Farron Bolton         200 Fox Road, Knoxville

7. Heather Pace          1413 Overton Lane, Knoxville

8. Matthew Peterson      (via deposition)

9. Reed Malm             (via deposition)

10. Lance Blair          (via deposition)

11. Aaron Lehnert        2811 E. Lamar Alexander Pkwy, Maryville

12. Gregory Landes       3314 Harrells Lane Drive, Baton Rouge, LA

13. Bernd Heinze         610 Freedom Business Center, Suite 110, King of Prussia, PA

b. **For Rausers:**

| Name | Address | Telephone No. |
|---|---|---|
| 1. *Claire Rauser* | *3458 Allegheny Loop, Maryville* | |
| 2. *Carol Rauser* | *3458 Allegheny Loop, Maryville* | |
| 3. *Daryll Martin* | *115 Bingham Ridge Drive Pittsboro, NC* | |
| 4. *Brent Blalock* | *Sevierville, TN* | |
| 5. *Scott Morganson* | *(via deposition)* | |

c. **For Agents:**

| Name | Address | Telephone No. |
|---|---|---|
| 1. *Matthew Bryan* | *214 Ellis Avenue, Maryville* | |

|   |   |   |
|---|---|---|
| 2. | Michele Self | 3538 Hawks Ridge, Maryville |
| 3. | Caitlin Cook | 5610 J. Riley West, Greenback |
| 4. | James Mahurin | 207 3rd Avenue North, Franklin |
| 5. | Farron Bolton | 200 Fox Road, Knoxville |
| 6. | Heather Pace | 1413 Overton Lane, Knoxville |

### VII. Other Matters

a. **Trial:** This case is set for trial before the undersigned and a jury at 9:00 a.m. on November 8, 2021. Counsel shall be present on the first day before commencement of trial to take up any preliminary matters. The probable length of trial is five(??) days. The parties should be prepared for trial on the scheduled date. If this case is not heard immediately, it will be held in line until the Court's schedule allows the trial to begin. The parties explicitly demand a jury for this case.

b. **Possibility of Settlement:** The parties have unsuccessfully mediated this case.

c. **Miscellaneous Matters: Both Erie and the Agency defendants have filed Motions for Leave to file Supplemental Motions for Summary Judgment based upon the Court's recent rulings set forth in Doc. 155.**

\* \* \*

This Final Pretrial Order shall supplant the pleadings and is agreed upon by the parties as of *October 25, 2021*. Fed. R. Civ. P. 16; *see U.S. v. Hougham*, 364 U.S. 310, 315 (1960); *see also Ricker v. Am. Zinser Corp.*, 506 F. Supp. 1 (E.D. Tenn. Sept. 11, 1978), aff'd, 633 F.2d 218 (6th Cir. 1980).

**SO ORDERED.**

/s/_____
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

**APPROVED AS TO FORM AND SUBSTANCE:**

/s/ S. Morris Hadden_____
*Counsel for Erie Insurance Company*

/s/ Jared S. Garceau_____
*Counsel for Claire and Carol Rauser*

/s/ Nathaniel D. Moore_____
*Counsel for Third-Party Defendants*