**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| ERIE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| vs. | ) | No.: 3:19-cv-00375-TRM-HBG |
| | ) | |
| CLAIRE RAUSER AND CAROL RAUSER, | ) | |
| | ) | |
| | ) | |
| Defendant/Counter-Plaintiffs, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| CLAIRE RAUSER AND CAROL RAUSER, | ) | |
| | ) | |
| | ) | |
| Third-Party Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HITSON INSURANCE, INC., BRYAN INSURANCE GROUP, MATTHEW BRYAN AND MICHELE SELF, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**CLAIRE AND CAROL RAUSERS'
MOTION TO RECONSIDER GRANT OF SUMMARY JUDGMENT
TO THIRD-PARTY DEFENDANTS PURSUANT TO TENN. CODE ANN. § 56-7-135**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Claire Rauser and Carol Rauser ("Rausers"), pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, respectfully request the Court to reconsider its grant of summary judgment to the Third-Party Defendants with respect to the Rausers' claims for breach of contract and failure to procure. (Doc. 155). As grounds for this Motion, the Rausers rely on the contemporaneously-filed Memorandum and state the following:

1.      District courts have the authority to reconsider interlocutory orders to correct a clear error or prevent manifest injustice pursuant to federal common law and Fed. R. Civ. P. 54(b).

2.      The Court's grant of summary judgment to the Third-Party Defendants under Tenn. Code Ann. § 56-7-135 is based, in part, on the Court's erroneous finding that the Rausers signed the insurance policy at issue. The portion of the record relied upon by the Court to support this finding demonstrates that the Rausers only signed the insurance application, not the insurance policy. This distinction is important because subpart (a) of the statute only creates a presumption that the insured has read, understands, and accepts the contents of the document that the insured signed. A signature on a three-page application, therefore, has drastically different implications than a signature on a policy which contains all of the terms of coverage.

3.      Moreover, the Rausers respectfully submit that the Court applied an unreasonably high standard in its evaluation of whether the Rausers have rebutted the presumption established by Tenn. Code Ann. § 56-7-135(b). The Court held that the Rausers cannot rebut the presumption in the absence of "written" evidence even in the face of a conclusive factual finding by the Court that the agent misrepresented the coverage provided by the Policy. This standard is not established or required by the statute and, therefore, the Rausers cannot be held to such a standard.

4.      Finally, a close review of the factual circumstances involved in *Parveen v. ACG S. Ins. Agency, LLC*, 613 S.W.3d 113 (Tenn. 2020) and *Allmerica Fin. Ben. Ins. Co. v. Eagle Sales Co*., Civil Action No. 2:17-cv-02545, 2021 U.S. Dist. LEXIS 7475 (W.D. Tenn. Jan. 14, 2021). (Doc. 155, pp. 27-28) demonstrates that the facts of this case are much more aligned with

those involved in *Allmerica*. Therefore, the rebuttal of the presumption found in *Allmerica* should extend to the facts of this case.

Accordingly, the Rausers respectfully request the Court to reconsider and reverse its holding that the presumption has not been rebutted and its grant of summary judgment to the Third-Party Defendants on the Rausers' claims for breach of contract and failure to procure. As grounds for this request, the Rausers further rely on the Memorandum in support of this Motion.

Respectfully submitted,

s/Jared S. Garceau
David A. Draper, Esq. (BPR #016067)
ddraper@lewisthomason.com
Jared S. Garceau, Esq. (BPR #033304)
jgarceau@lewisthomason.com

LEWIS THOMASON, P.C.
One Centre Square, Fifth Floor
620 Market Street
P.O. Box 2425
Knoxville, TN 37901
(865) 546-4646

*Attorneys for Claire Rauser and Carol Rauser*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of October 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Jared S. Garceau

10731449 / 3008